United States District Court
Southern District of Texas
**ENTERED**
August 12, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **CRISTINA FLORES GONZALEZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:23-CV-00044** |
| | § | |
| **MARIO ISRAEL LORENZO, *ET AL.*,** | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM AND ORDER

Before the Court is Defendant Efrain Castilleja's Amended/Supplemental Motion for Summary Judgment. (Dkt. No. 131). Defendant moves for summary judgment on all negligence, gross negligence, and negligence per se claims against him. (*Id.* at 7). The motion is fully briefed. The Court held a hearing on the motion on July 16, 2026. (Min. Entry July 16, 2026). For the reasons set forth below, the Defendant's Motion for Summary Judgment will be granted in its entirety.

## I. BACKGROUND

This case arises from an automobile accident that occurred in Laredo, Texas, on June 8, 2022. Plaintiff Cristina Flores Gonzalez was driving a commercial truck northbound on Sara Road. (Dkt. No. 136-1 at 11). At the intersection of El Gato Road and Sara Road, another driver travelling westbound on El Gato Road failed to yield to Plaintiff's right of way and collided with Plaintiff's vehicle. (Dkt. No. 131-1 at 2; Dkt. No. 136-1 at 8). The collision between Plaintiff and the other driver, Mario Lorenzo, pushed Plaintiff's vehicle into Defendant Efrain Castilleja's trailer, which was facing southbound on Sara Road. (Dkt. No. 136-1 at 8).

Plaintiff's Second Amended Complaint, which is her live pleading, asserts that Defendant Castilleja's negligence, negligence per se, and gross negligence were the proximate cause of the Plaintiff's injuries. (Dkt. No. 111).

On December 15, 2025, Defendant Castilleja filed the Motion for Summary Judgment now before the Court, (Dkt. No. 131). To the motion, Defendant attached the

following exhibits: the Certified Peace Officer's Crash Report, (Dkt. No. 131-1); a photograph of the accident scene, (Dkt. No. 131-2); Defendant Castilleja's deposition transcript, (Dkt. No. 131-3); Plaintiff's interrogatory responses, (Dkt. No. 131-4); Defendant Castilleja's interrogatory responses, (Dkt. No 131-5); and the declaration of a witness, Brian Barnes, (Dkt. No 131-6). Plaintiff filed a response to Defendant's Motion for Summary Judgment. (Dkt. No. 136). To the response, Plaintiff attached the following exhibits: Plaintiff's deposition transcript, (Dkt. No 136-1); Defendant Castilleja's deposition transcript, (Dkt. No 136-2); Defendant Castilleja's interrogatory responses, (Dkt. No 136-3); the police report, (Dkt. No 136-4); and a recorded 911 call, (Dkt. No 136-5; Dkt. No. 141).

## II. LEGAL STANDARDS

A court must grant summary judgment if there is no genuine dispute of material fact. Fed. R. Civ. Pro. 56(a). A genuine issue of material fact exists if the evidence would permit "a reasonable jury" to find for the nonmovant. *Austin v. Kroger Tex., LP*, 864 F.3d 326, 328 (5th Cir. 2017). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Talasek v. Nat'l Oilwell Varco, L.P.*, 16 F.4th 164, 168 (5th Cir. 2021) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). To carry its burden, the movant must identify specific excerpts of pleadings, depositions, interrogatory answers, admissions, or affidavits proving the absence of a genuine fact dispute. *See* Fed. R. Civ. P. 56(c); *Celotex*, 477 U.S. at 322. When deciding a motion for summary judgment, the court must view the facts in the light most favorable to the nonmoving party. *Valderas v. City of Lubbock*, 937 F.3d 384, 389 (5th Cir. 2019).

## III. DISCUSSION

### A. Plaintiff Does Not Create a Fact Issue on the Proximate Cause Element of her Negligence Claim

Defendant Castilleja moves for summary judgment on Plaintiff's negligence claim the ground that Plaintiff cannot create a genuine dispute of material fact on proximate cause, and he is entitled to judgment as a matter of law. Specifically, Defendant argues that: (1) there is no evidence his actions increased the risk of Plaintiff's vehicle being

struck, and (2) the injury was not reasonably foreseeable. Plaintiff responds that there are two genuine disputes of material fact that preclude summary judgment: (1) whether Defendant Castilleja was stationary at the time of the accident, and (2) whether Defendant Castilleja was encroaching into Plaintiff's lane at the time of the accident.

Liability for negligence extends only to damages proximately caused by negligent conduct. Courts analyze proximate cause using two elements: (1) cause in fact and (2) foreseeability. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 549 (Tex. 1985). The first element, cause in fact, requires proof of both (1) but-for causation, and (2) substantial factor causation. *Werner Enterprises, Inc. v. Blake*, 719 S.W.3d 525, 532 (Tex. 2025). Cause in fact is not established when the defendant's negligence merely furnishes a condition that makes the injury possible. *Rodriguez v. Moerbe*, 963 S.W.2d 808, 818 (Tex. App. 1998).

For a negligent act to be the cause in fact, the act or omission must be a substantial factor in bringing about the injury, without which the harm would not have occurred. *Doe v. Boys Clubs*, 907 S.W.2d 472, 477 (Tex. 1995). Even if a defendant's negligence is shown to have led to plaintiff's injury, a defendant will not liable if their involvement was a "mere happenstance of place and time." *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 472 (Tex. 1991) (quoting Restatement (Second) of Torts § 431 cmt. a (Am. L. Inst. 1965)). Foreseeability requires that a person of ordinary intelligence should have anticipated the danger created by the negligent act or omission. *Nixon*, 690 S.W.2d at 549–50. When a defendant moves for summary judgment, the court must view the facts in the light most favorable to the nonmoving party. *Valderas*, 937 F.3d at 389.

The Court considers Plaintiff's asserted factual disputes in turn. First, whether or not Defendant's vehicle was stationary does not create a genuine dispute of material fact. Defendant testified at his deposition that he was stopped at the intersection, in a turn lane, at the time of the incident. (Dkt. No. 131-3 at 11). This is corroborated by a witness declaration from Brian Barnes, stating that Defendant's vehicle remained stationary at the time of the incident. (Dkt. No. 131-6 at 1) ("The driver of the tractor-trailer in the turning lane on Sara Road [Defendant] did not do anything to cause or contribute to the incident, and there was nothing that driver could have done to avoid the incident"). Conversely, Plaintiff argues that evidence shows that Defendant had not stopped but

instead was in the process of making a left turn. Plaintiff testifies that Defendant Castilleja was moving at the time of the accident. (Dkt. No. 136-1 at 13–14). While this is a disputed fact, this fact is not material.

In either scenario, this fact does not establish that Defendant Castilleja proximately caused the collision by merely moving forward in the southbound left turn lane. Even accepting Plaintiff's version of the facts as true for summary judgment purposes, the summary judgment evidence establishes that Plaintiff's vehicle would have collided with Defendant's vehicle whether his truck was moving forward or not, *after* she was struck by Lorenzo's vehicle. Plaintiff has presented no evidence showing how the actions of Defendant Castilleja proximately cause or contributed to the initial collision or the secondary collision between Plaintiff's tractor and Defendant Castilleja's trailer, relying instead on bare, conclusory assertions. Plaintiff's only piece of evidence is Defendant's deposition testimony acknowledging that, even if he had been further back in the turn lane, Plaintiff's vehicle would still have struck the front of his vehicle instead of the trailer. (Dkt. No. 136-2 at 54–55) ("If I wouldn't be, like, where I was, if I would have been a little bit back he would have probably hit me in the front."). As Defendant correctly points out, this evidence establishes no more than the fact that Castilleja was in the wrong place at the wrong time. *Lear Siegler*, 819 S.W.2d at 472.

Given the summary judgment evidence, even in the light most favorable to Plaintiff, Defendant's movement is not material to the issue of proximate cause and does not establish that Defendant proximately cause the accident.

Next, whether the Defendant's vehicle was "partially outside the yellow lines toward the roadway" does not create a genuine dispute of material fact. (Dkt. No. 136 at 8). Plaintiff has presented no evidence showing how the initial collision or the secondary collision between Plaintiff and Defendant Castilleja's vehicle could have been avoided had Defendant's vehicle been positioned differently, relying instead on bare assertions. Even assuming Defendant's vehicle had been completely stopped and positioned entirely within the yellow lines, the two collisions still would have occurred because of Lorenzo's vehicle colliding with Plaintiff's tractor as a result of his failure to yield the right of way.

This is best demonstrated by comparing a photograph of the crash scene with Plaintiff's testimony. Plaintiff testified in her deposition that "[h]e [Lorenzo] pushed the

back part and then the other one hit in front, and there's where it scraped." (Dkt. No. 136-1 at 14). Her testimony makes clear that her vehicle was hit first from behind by Lorenzo, and then the front of her vehicle made contact with Castilleja's trailer. The photographs of the crash scene in Plaintiff's summary judgment evidence, (Dkt. No. 136-3 at 16–17), reveal that the back of Plaintiff's vehicle is near Lorenzo's tractor, and the front of Plaintiff's vehicle is in Defendant Castilleja's trailer. By virtue of this evidence, Plaintiff must have been struck by Lorenzo first, and then she was pushed into and collided with Defendant Castilleja's trailer. Regardless of Defendant Castilleja's location on either side of the yellow line, Plaintiff would have collided with Defendant's trailer as a result of the impact and resulting force from the collision with Lorenzo's vehicle. Plaintiff has presented no evidence to show how Defendant's location or any lane encroachment, relative to the yellow lines, caused either collision. For these reasons, the Plaintiff cannot establish a genuine dispute of material fact on this issue.

Plaintiff does not present evidence to establish a genuine dispute of material fact regarding proximate cause, specifically cause in fact. Liability for negligence and negligence per se extends only to damages proximately caused by negligent conduct. Without more than a scintilla of evidence to establish that Defendant Castilleja proximately caused Plaintiff's alleged injuries, Defendant Castilleja is entitled to judgment as a matter of law. Defendant Castilleja's motion for summary judgment is **GRANTED** as to negligence and negligence per se.

### B. Plaintiff Does not Oppose Defendant's Motion for Summary Judgment on the Gross Negligence Claim

Defendant also moves for summary judgment on Plaintiff's gross negligence claim. Plaintiff does not respond to Defendant's motion for summary judgment as to the gross negligence claim. Additionally, at the hearing, Plaintiff's counsel stated that Plaintiff is no longer pursuing the gross negligence claim against Defendant Castilleja. Because Plaintiff did not address Defendant's motion as required by Rule 56(c) and no longer pursues this claim, Defendant's motion for summary judgment is **GRANTED** as to the gross negligence claim.

## IV. CONCLUSION

Based on the foregoing, Defendant Efrain Castilleja's Amended/Supplemental

Motion for Summary Judgment, (Dkt. No. 131), is **GRANTED in its entirety**. Plaintiff's claims against Defendant Efrain Castilleja are **DISMISSED WITH PREJUDICE.**

The Clerk of Court is **DIRECTED** to terminate Defendant Castilleja as a party on the docket sheet.

It is so **ORDERED**.

**SIGNED** on August 12, 2026.

John A. Kazen
United States District Judge